UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Aage Nost,<br><br>  Petitioner,<br><br>vs.<br><br>Lyle Broadhead, et al.,<br><br>  Respondents. | CV 13-01614-TUC-JGZ (JR)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Aage Nost's Amended Petition for Writ of Habeas Corpus (Doc. 10) filed pursuant to 28 U.S.C. § 2254. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

1

I. **FACTUAL AND PROCEDURAL BACKGROUND**

A. **Initial Conviction**

Following a jury trial, Nost was convicted of conspiracy and attempted harassment. *Answer*, Ex. A, p. 2. The trial court suspended the imposition of sentences and placed Nost on seven years' probation. Ex. B, pp. 2. After filing a notice of appeal, Nost did not file an opening brief in the court of appeals and his appeal was therefore dismissed on March 4, 2005. Ex. C. Nost did not petition the Arizona Supreme Court for review. Ex. D.

B. **Probation Revocation**

On February 22, 2005, the State filed a Petition to Revoke Probation, alleging Nost had failed to comply with the conditions of his probation. Ex. E. Nost did not appear for the initial hearing on the petition to revoke, and the trial court issued a warrant for his arrest. Ex. F.[1] When the violation hearing was ultimately held on August 6, 2010, Nost admitted a probation violation and, on August 13, 2010, the trial court sentenced him to concurrent terms of imprisonment, the longest of which was five years. Exs. G, H.

Nost filed a Notice of Appeal on August 24, 2010, an Amended Notice of Appeal on August 26, 2010, and another Notice of Appeal on September 9, 2010. Ex. I. By Order dated October 4, 2010, the court of appeals dismissed the appeal,

---

[1] Nost failed to appear at the initial appearance on March 7, 2005 and a warrant issued. His whereabouts were unknown until his arrest on the warrant on July 1, 2010. Doc. 1-1, p. 88.

finding that it was taken from the entry of an admission of a probation violation and that such appeals were not permitted under Arizona Rule of Criminal Procedure 27.9(e). Ex. J. The court of appeals issued its mandate on December 13, 2010. Ex. K.

Beginning on August 9, 2011, Nost filed various documents in the trial court, which the trial court collectively treated as a petition for post-conviction relief ("PCR"). Exs. L-P. By Order filed July 30, 2012, the court dismissed the PCR petition under Arizona Rule of Criminal Procedure 32.6(c), explaining that:

> The Petitioner has filed a number of documents before this Court. Despite the variety of captions, the various motions share a central claim; that this Court does not have jurisdiction over him or the charge for which he was convicted. These issues have repeatedly been raised in the past and this Court [has] ruled on them. The Petitioner's claim is wholly without merit and lacks any legal or factual support.

Ex. U, pp. 1-2.

On April 2, 2013, Nost filed a document entitled "Notice of Presentment of Writ of Habeas Corpus and Supporting Documents to Arizona Court of Appeals." Ex. V, Att. 1. Although the filing was accompanied by a cover sheet prepared by the Pima County Legal Defender indicating it was a "Pro Se Notice of Appeal," in an Order dated June 28, 2013, the court of appeals stated:

> [t]his court does not have original habeas corpus jurisdiction, and since petitioner seeks neither to invoke this court's appellate jurisdiction nor to obtain review of the trial court's rulings pursuant to Rule 32.9(c), Ariz. R. Crim. P.,

and dismissed the appeal, stating Ex. W.

3

1  On July 31, 2013, Nost filed a "Verified Petition for Writ of Habeas Corpus" in the Arizona Supreme Court. Ex. X. The Supreme Court denied the petition without comment on September 16, 2013. Ex. Y.

### C. Petition for Writ of Habeas Corpus

Nost instituted this action by filing his original Petition on November 1, 2013. Doc. 1. After the Court dismissed the original Petition, Nost filed the now pending Amended Petition on January 21, 2014. Doc. 10. In the petition, Nost raises four claims: (1) the indictment was defective; (2) the complaint and supporting affidavit were defective; (3) the trial court judge tampered/interfered with the jury; and (4) that the trial court lacked jurisdiction, which was an element of the charged offenses. *Id.*, pp. 6-19.

## II. LEGAL DISCUSSION

### A. The Petition is untimely.

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one year statute of limitations to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Petitions filed beyond the one-year limitations period must be dismissed. *Id.* The statute provides in pertinent part that:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

4

> States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The limitation period for Nost's habeas petition was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The trial court sentenced Nost on July 15, 2004.  Ex. B.  He then appealed, but because he did not file an opening brief, the appeal was dismissed on March 4, 2005.  Ex. C.  Because Nost did not file a petition for review by the Arizona Supreme Court, his conviction became final on April 4, 2005.  *See Gonzalez v. Thaler,* 132 S.Ct. 641, 656 (2012) (for a state prisoner who does not seek review in the state's highest court, the judgment becomes final on the date that the time for seeking such review expires).  Absent any tolling, the one-year limitations period commenced to the following day and, because Nost did not "properly file" anything in the ensuing year, expired on April 5, 2006. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section

5

2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.")

### B.      Nost is not entitled to equitable tolling.

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). A petitioner is entitled to equitable tolling of the limitations period "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011). "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." *Id*.

In relation to tolling, Nost asserts that he has "provided sufficient law . . . to show there is no time limit" on his habeas filing. *Reply* (Doc. 27), p. 17. Contrary to his assertion, the Court is pretty sure that there is a time limit for the filing of habeas petitions and that there is sufficient law, which is discussed above, to support that conclusion. Other than his argument that the petition was not subject to time limits, Nost does not offer any additional explanation to support the delayed filing of the petition. As such, Nost has not presented the "extraordinary circumstances beyond [his] control" that would support equitable tolling.

This evaluation is not altered by the fact that Nost's probation was revoked after the AEDPA limitations period had expired. All four of the claims alleged in

1 Nost's Amended Petition arose in relation to his original conviction. Because the
2 factual predicate for each of these claims was known at the time of conviction, and
3 did not arise at the time of Nost's probation revocation proceeding, the limitations
4 period was unaffected by the probation revocation proceeding. *See, e.g., Mattern v.*
5 *Secretary for Dept. of Corrections*, 494 F.3d 1282, 1286 (11th Cir. 2007) ("[I]f the
6 factual predicate for the claims was not known until some later date, such as the date
7 on which he was sentenced for the probation revocation, the later date would be the
8 trigger for the limitations period."); *see also, Udom v. Warden, San Diego Corr.*
9 *Facility,* 2011 WL 6426637, at *2 (C.D.Cal. Nov.22, 2011) (dismissing petition as
10 untimely where probation revocation "did not alter the time period during which
11 Petitioner could permissibly bring an appeal challenging the underlying conviction");
12 *Hathcock v. McDonough*, 2008 WL 2814868, at *5 (S.D.Fla. July 22, 2008) (finding
13 petition untimely where "the subsequent probation revocation does not resurrect, toll
14 or otherwise extend the one year limitation period as to the challenges to [the]
15 underlying conviction and term of probation").

16     **C.    Nost has not established actual innocence.**

17     In *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), the Supreme Court held that
18 actual innocence, "if proved," serves as an exception to the AEDPA statute of
19 limitations. 133 S.Ct. at 1928. However, the Court noted that tenable claims of
20 actual innocence are rare and require a petitioner to "show that it is more likely than
21 not that no reasonable juror would have convicted him in light of the new evidence."
22 133 S.Ct. at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Nost's actual innocence claim does not satisfy this standard. Nost bases his claim of actual innocence on the trial court's alleged failure to properly instruct the jury and on his assertion that the trial court did not have jurisdiction to hear his case. *Reply*, Doc. 27, pp.18-20.  These claims allege legal defects in his conviction, which do not support a claim of actual innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual innocence means factual innocence, not mere legal insufficiency.").

Additionally, actual innocence claims are available to allow the court to look at new evidence "that was either excluded or unavailable at trial." *Schlup*, 513 U.S. at 327–28.  None of the four grounds alleged in the Amended Petition involve any "new evidence."  Each of Nost's claims is purely legal and does not involve evidence that was either not available or not presented at trial. He claims that the indictment and complaint were defective, that the the trial court judge tampered/interfered with the jury; and that the trial court lacked jurisdiction.  Nowhere in his claims or in his Reply does he offer any evidence of actual innocence.  Moreover, the factual and legal predicates to each of his claims arose at least by the time of his conviction and any evidence that might support the claims was available at the time of trial. Thus, nothing Nost offers in the instant proceeding causes the Court to believe that, if the evidence had been offered at trial, it is more likely than not that no reasonable juror would have convicted Nost.  As such, Nost's claim of actual innocence does not save the petition from dismissal based on its untimely filing.

## III. RECOMMENDATION

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **deny** Nost's Amended Petition for Writ of Habeas Corpus (Doc. 10).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have 14 days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 13-01614-TUC-JGZ**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003)(*en banc*).

Dated this 10th day of August, 2015.

Jacqueline M. Rateau
United States Magistrate Judge